IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH SANCHEZ,

                              Plaintiff,

v.

MERCK SHARP & DOHME LLC,

                          Defendants.

Civil Action Complaint 24-5759
Jury Trial Demanded

## CIVIL ACTION

Plaintiff, Kenneth Sanchez by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, MERCK SHARP & DOHME LLC ("Merck" or "Defendant") and avers the following:

## PARTIES

1.      Plaintiff, Kenneth Sanchez ("Mr. Sanchez" or "Plaintiff") is an adult individual who resides in the State of New Jersey and at all times relevant to this civil action was employed within the Eastern District of Pennsylvania where the facts that gave rise to Plaintiff's claims occurred.

2.      Defendant, Merch is business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania.

3.      At all times relevant to this civil action, Plaintiff was an employee of Merck and was subjected to disparate treatment, retaliation and a hostile work environment.

## NATURE OF THE CASE

4.      Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

1991, Pub. L. No. 102-166 ("Title VII"); 42 U.S.C. § 1981 and seeks damages to redress injuries

Plaintiff suffered as a result of discrimination and retaliation which ultimately led to Plaintiff's

unlawful termination by his employer.    Plaintiff was subjected to discrimination and harassment

in the workplace because of his disability, and because of his race and national origin.

## JURISDICTION AND VENUE

5.        This action involves a Question of Federal Law under Title VII of the Civil Rights

Act of 1964, and 42 U.S.C. § 1981.

6.        The honorable Court has supplemental jurisdiction over the Commonwealth law

Causes of Action once they are filed.

7.        Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed

by Defendants and worked in Philadelphia County where the discrimination complained of

occurred.

8.        Plaintiff filed a Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC") against Defendants as set forth herein.

9.        On February 10, 2025, the EEOC issued Plaintiff a Dismissal and Notice of

Rights otherwise known as a Right to Sue letter.

10.       This action is hereby commenced within ninety (90) days of the date when the

Dismissal and Notice of Rights was received.

## MATERIAL FACTS

11.       Plaintiff, Kenneth Sanchez (hereinafter referred to as "Mr. Sanchez") is a

Hispanic male individual who was hired by Merck and Co., Inc (hereinafter referred to as

"Respondent") in September 2020.

12.    Plaintiff also has a walking disability, affecting his gait. Starting late spring 2021, Mr. Sanchez was subjected to numerous discriminatory comments regarding his race, appearance, and disability from coworkers John McGill, Rich Andreoni and other coworkers.

13.    Each time, Mr. Sanchez would immediately report the incident to upper management, Brad Moran, Barry Butcher, James D'Aloia, and Ira Graff. Each time, no disciplinary action was taken against the offenders.

14.    In or around late spring of 2021, Mr. Sanchez reported to upper management that he had difficulty getting into the company's overtime program. To date, he was the only employee in the company's history to have this issue.

15.    The issue was eventually resolved in January 2023, but their inaction prohibited Mr. Sanchez from earning over two years' worth of overtime.

16.    On or about Saturday, February 11, 2023, John McGill physically assaulted Mr. Sanchez. Mr. Sanchez reported the incident on Monday, February 13, 2023 to his supervisor, James D'Aloia.

17.    Defendants terminated Plaintiff's employment because of Plaintiff's membership in protected activity and as a result of Plaintiff's protected activity.

18.    The stated reason for Plaintiff's termination is pretext.

19.    James D'Aloia made an appointment with Human Resources for Mr. Sanchez to discuss the ongoing issue with John McGill. On or around February 15, 2023, Mr. Sanchez met with Mark Farrington from the HR department. Mark Farrington noted that Mr. Sanchez appeared visibly upset, was shaking, crying, and had goosebumps.

20.    Mr. Sanchez reported to Mark Farrington the physical assault and other inappropriate and discriminatory behavior of John McGill. Mark Farrington said he would

investigate all the incidents and get back to him. On or about November 8, 2023, nearly eight months later, Mark Farrington and Ira Graff called Mr. Sanchez into a meeting where they advised the investigation was concluded and found Mr. Sanchez's claims to be false. John McGill received no disciplinary action.

21.     In or around November 2023, coworker Rich Andreoni became hostile towards Mr. Sanchez. After a meeting with Mark Farrington and Ira Graff, Rich Andreoni approached Mr. Sanchez and said "I just had a confidential meeting with HR, you fat cripple fuck, now you'll see. It's our turn now!"

22.     Rich Andreoni continued to make discriminatory comments against Mr. Sanchez, frequently making disparaging remarks regarding Mr. Sanchez's race, national origin, and disability.

23.     On or about February 14, 2024, Mr. Sanchez went out on approved FMLA to have surgery, and was approved to return March 13, 2024. On March 5, 2024, Mr. Sanchez arrived to work to find his access badge was disabled.

24.     Mr. Sanchez was advised by upper managers, Brad Moran and James D'Aloia, that he was suspended with pay days earlier by HR. Brad Moran and James D'Aloia did not give Mr. Sanchez notice or reason for the suspension.

25.     Mr. Sanchez then received an email from HR to come in on March 13, 2024 for a meeting. On March 13, 2024, Mr. Sanchez had a meeting with Mark Farrington from HR and Michael Utterbrink, several union officials, and a global security officer.

26.     Mr. Sanchez was advised that he would continue to remain suspended pending their investigation. On or about March 28, 2024, Mr. Sanchez received a call that he was terminated effective immediately.

27.     These are just multiple instances of the discrimination and retaliation that Mr. Sanchez faced while employed by Respondent.

28.     Respondent created a hostile work environment, discriminated against, disparately treated, and retaliated against Mr. Sanchez due to his protected classes and protected activities.

29.     Similarly situated individuals outside Mr. Sanchez's protected classes were treated more favorably. Respondent's reasoning for its actions are pretext to discrimination and retaliation. Respondent replaced Mr. Sanchez with a person or persons outside his protected classes. There are no Arbitration Agreements applicable to Mr. Sanchez's claims.

30.     Plaintiff was terminated due to Plaintiff's race, disability and retaliation for repeated attempts to request reasonable accommodations.

31.     As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including physical injury and permanent psychological injuries.

32.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

33.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

34.     Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35.     Plaintiff has further experienced severe emotional and physical distress.

36.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

37.     Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

38.     Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

39.     Defendants discriminatory conduct was severe and pervasive, created a hostile work environment for Plaintiff.

40.     The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

41.     Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

42.     Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

43.     Charing Party claims unlawful discharge and seeks reinstatement.

## COUNT I
## UNDER FEDERAL LAW
## S.C. SECTION 1981

44.     Plaintiff, hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

45.     42 USC Section 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment

of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

46.     Plaintiff, as a member of Hispanic male and is of the Hispanic race, and was discriminated against by Defendants because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

47.     Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendants' unlawful employment practices.

**COUNT II**
**<u>DISCRIMINATION UNDER TITLE VII</u>**
**(against corporate Defendants only)**

48.     Plaintiff hereby incorporates all allegations contained in the preceding paragrpahs as fully as if they were set forth at length.

49.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants.

50.     Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

51.     SEC. 2000e-2. *[Section 703]* states as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

52.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of Plaintiff's race and national origin.

## COUNT III
## RETALIATION UNDER TITLE VII
### (against corporate Defendants only)

53.     Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

54.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

55.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

56.     Defendants took action against Plaintiff due to Plaintiff's opposition to Defendants' discrimination and harassment of Plaintiff.

## COUNT IV
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

57.     Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

58.     Section 102 of the Americans with Disabilities Act ("ADA") states in relevant part as follows:

a.      (a) GENERAL RULE - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

128.    Defendants made comments about Plaintiff's disability stating that Plaintiff did not have a disability and Defendants refused to provide Plaintiff with the legal protections that Plaintiff was entitled to under City, Commonwealth and Federal Statute.

129.    Defendants singled Plaintiff out because of Plaintiff's disability and subjected Plaintiff to ongoing discrimination and harassment in the workplace by calling Plaintiff disparaging names and epithets based upon Plaintiff's disability.

130.    Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

131.    Defendants unlawfully terminated Plaintiff's employment due to his membership in a protected class.

132.    During such time, Defendant continually, intentionally, and in a discriminatory manner refused to acknowledge that Plaintiff had a disability and was entitled to legal protection.

133.    At all times Plaintiff was able to fulfill the job requirements of his employment and work without restriction.  Defendants manufactured discriminatory conditions to Plaintiff's employment that did not exists for any other employee.

134.    Defendant's perception of Plaintiff's disability was entirely unfounded and unsubstantiated.

135.    Defendants refused to engage Plaintiff in an interactive process to discuss reasonable accommodations requested.

136.    Defendants' termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff.

137.    Defendant terminated Plaintiff because of his disability.

138.    Such adverse employment actions by Defendant were in violation of the ADA.

139.    Following Defendant's termination of Plaintiff, Plaintiff was replaced by a non-disabled individual.

140.    As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

141.    Plaintiff also claims unlawful retaliation under the ADA for his opposition to Defendant's unlawful employment practice.

142.    Plaintiff makes claims for all damages available under the ADA.

### COUNT V
### RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

143.    Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

144.    Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

145.    Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter IV, Section 12203, Discrimination [Section 102] states:

a. "(a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b. (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

146.    Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff due to Plaintiff's reports of discrimination and harassment in the workplace and due to Plaintiff's opposition to the unlawful practices of Defendants.

147.    As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**SETH D. CARSON, ESDQUIRE**
*Attorney for Plaintiff*

BY:___/s/ Seth Carson_____
        Seth D. Carson, Esq.
        1628 Packer Avenue
        Philadelphia, PA 19145
        Phone: 484.678.2210
        Email: Seth@CarsonLegalGroup.com

DATED: May 12, 2025